UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14060-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SERGUEY PUPO,

      Defendant.

_____/

FILED by _____ D.C.

APR 23 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 09-1730]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Martin L. Roth, Esquire, as attorney for the Defendant Serguey Pupo, as well as the Motion and Memorandum filed by Mr. Roth in support thereof as attached to the voucher as well as the time records and substantiation for costs and fees attached to the voucher, this Court recommends to the District Court as follows:

1.      Counsel for the Defendant seeks reimbursement of 89.6 hours at the rate of $110 an hour and 2.4 hours at the rate of $125 an hour. This brings the total attorney's fees sought to be $10,156.00, which is in excess of the statutory cap. Counsel for the Defendant also seeks reimbursement of costs in the amount of $1,194.90.

2.      This Court has reviewed the voucher as well as the attachments as referenced above. This Court has also reviewed the docket sheet. It is not necessary for this Court to conduct an evidentiary hearing in this case since this Court conducted all of the pretrial matters in respect to this Defendant. These matters have also been found to

be administrative decisions as opposed to adversarial proceedings.  United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.      This Court must determine whether or not this matter was "extended" or "complex" for justification to exceed the statutory cap of $9,700.00.  "Extended" is defined in the case law as a case requiring more time than the normal case.  A "complex" case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4.      As Mr. Roth's motion attached to his CJA voucher correctly indicates, this Defendant was charged by Indictment with eight counts of conspiracy to manufacture and possess with intent to distribute marijuana, as well as six counts of conspiracy in maintaining a place for the purpose of manufacturing/distributing said controlled, and one count of conspiracy to commit mail fraud.

5.      This Court does not view this as an extended case as set defined by the statute.  There was not an unusual length of time involved in representation of the Defendant.  Mr. Roth was appointed to represent the Defendant in April of 2009.  This matter was resolved by way of entry of a plea in October of 2009.  The case was completed with sentencing in December of 2009.

6.      In determining whether or not this matter was complex as defined by the statute, this Court must look at the totality of the case and the charges for which the Defendant was indicted.  This case did involve a great deal of discovery since there were several co-defendants, properties, and documents involved.  This Court has reviewed the time entries set forth by Mr. Roth in his attachments and can find no time which should be deleted or subtracted.  This Court finds that all of the tasks performed by Mr. Roth were

reasonable and necessary in this type of case. As a result, this Court finds the case to have been complex based upon the underlying nature of the charges, the discovery involved, and the amount of time that Mr. Roth had to devote to properly represent the Defendant in this matter. See United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). This Court also notes that Judge Martinez has previously found that this case was complex in reviewing the CJA voucher submitted by counsel for the co-defendant Manuel Pupo. This Court agrees with Judge Martinez' analysis in that regard. This matter as to the Defendant Serguey Pupo is identical in nature as to the background, charges, and amount of discovery which was necessary to be reviewed by Mr. Roth. As a result, this Court finds that the attorney's fees sought by Mr. Roth are reasonable and should be fully compensated. Further, the costs as delineated in the attachment are compensable and should be awarded as well.

ACCORDINGLY, this Court recommends to the District Court that the CJA Voucher #FLS 09-1730 be GRANTED and that Mr. Roth be awarded the full sum of $10,156.00 as reasonable attorney's fees together with costs in the amount of $1,194.90, for a total sum of $11,350.90.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 23 day of April, 2010, at Fort Pierce, Northern

Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Martin L. Roth, Esq.
Lucy Lara, CJA Administrator

4